FILED

2019 Aug-28  PM 05:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRCIT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| KATHY McKLEROY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **CIVIL ACTION NO.:** |
| v. | ) | |
| | ) | **JURY DEMAND** |
| JACKSONVILLE HEALTH AND | ) | |
| REHABILITATION, LLC, and | ) | |
| NORTHPORT HEALTH | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

---

## COMPLAINT

---

## I. JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4). This is a suit authorized and instituted pursuant to the Age Discrimination in Employment Act (hereinafter referred to as "ADEA"). The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by the ADEA, providing injunctive and other relief against age discrimination in employment.

## II. PARTIES

2.      Plaintiff, Kathy McKleroy, ("Plaintiff") is a female citizen of the United States and is a resident of Jacksonville, Alabama.

3.      Defendants, Jacksonville Health Rehabilitation, LLC ("JHR") and Northport Health Services, Inc. ("NHS"), are domestic corporations and they are engaged in business in Alabama.

4.      At all times relevant to this action, Defendants JHR and NHS have maintained and operated businesses in Alabama. These Defendants are engaged in an industry affecting commerce and each has fifteen (15) or more employees and each is an employer within the meaning of the ADEA in that both JHR and NHS are engaged in an industry affecting commerce and have had twenty (20) or more calendar weeks in the current and preceding calendar years.

## III. ADMINISTRATIVE PROCEDURES

5.      Plaintiff hereby adopts and realleges paragraphs one (1) through four (4) herein above as if fully set forth herein.

6.      Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination by her employer, Defendants JHR and NHS.

7.      This action seeks to redress unlawful employment practices resulting from the acts of Defendants, their agents, servants, and employees committed with

respect to Plaintiff's employment; and for a permanent injunction restraining Defendants from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of age discrimination.

8.    On October 3, 2017, within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Exhibit 1).

9.    Plaintiff's Notice of Right to Sue was mailed by the EEOC to the Plaintiff on May 30, 2019, and Plaintiff filed suit within ninety (90) days of receipt of her Notice of Right to Sue.  (Exhibit 2).

10.    Administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

### IV.  STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIMS

11.    Plaintiff hereby adopts and realleges paragraphs one (1) through ten (10) herein above as if fully set forth herein.

12.    Plaintiff, Kathy McKleroy is over the age of forty (40).

13.    Plaintiff began working for the Defendant around 1985 and was employed by the Defendant for approximately thirty-two (32) years.

14.    Plaintiff was terminated on or about June 1, 2017.

15.    At the time of her termination Plaintiff was sixty-three (63) years of age.

16.    Plaintiff was employed as a Social Services Assistant when she was fired.

17. When Plaintiff was informed that she was being fired she requested to be placed in other positions she was qualified for such as housekeeping, admissions and CNA positions.

18. Plaintiff's requests to be placed in other positions were denied.

19. Plaintiff was a good employee and did not have any performance issues.

20. Other employees were terminated around the same time as Plaintiff and the majority of the employees terminated were over the age of forty (40).

21. During Plaintiff's employment she witnessed Defendant hiring individuals that were substantially younger than her, creating a younger work force.

22. At the time of Plaintiff's termination, there were other available positions that Plaintiff was qualified to fill, and Plaintiff requested to remain employed in one of the open and available positions, but Plaintiff's requests were denied.

23. Plaintiff was denied one of the open and available positions because of her age, over forty (40).

24. Younger employees with less experience, qualifications and seniority were not fired.

25. Defendant selected employees over forty (40) to be fired and retained younger, less qualified and less senior employees.

## COUNT ONE
## STATEMENT OF PLAINTIFF'S ADEA CLAIMS

26. Plaintiff hereby adopts and realleges the facts set out above in support

of this count and paragraphs (1) through twenty-five (25) herein above as if fully set forth herein.

27.     Plaintiff, is over the age of forty (40).

28.     Plaintiff began working for the Defendant in or around 1985.

29.     Plaintiff was fired on or about June 1, 2017.

30.     On or about June 1, 2017, Plaintiff was informed that she was being fired due to an alleged reduction in the workforce.

31.     At the time of Plaintiff's termination, she was sixty-three (63) years of age and employed as a Social Services Assistant.

32.     Plaintiff was a good employee and did not have any performance issues.

33.     Other employees were terminated around the same time as Plaintiff and the majority of the employees terminated were over the age of forty (40) and close to Plaintiff's age.

34.     During Plaintiff's employment she witnessed Defendant hiring people that are substantially younger than her.

35.     At the time of Plaintiff's termination, there were other available positions that Plaintiff was qualified to fill and Plaintiff requested to remain employed in one of the open and available positions, but her requests were denied.

36.     Plaintiff was denied one of the open and available positions and her age, over 40, motivated Defendant's decision to deny Plaintiff a position.

37.     Defendant selected employees over 40 to be terminated and retained younger, less qualified and less senior employees.

38.     Defendant subjected Plaintiff to adverse treatment with respect to the terms and conditions of her employment, including but not limited to, her termination, in violation of the ADEA.

39.     Similarly situated younger employees were treated more favorably than Plaintiff.

40.     But for Plaintiff's age she would not have been terminated.

41.     Plaintiff's age was a motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

89.     Plaintiff has been unjustly denied pay, discriminated against, treated differently, and terminated by Defendant because of her age, over forty (40).

90.     Defendant has a habit and/or practice of discriminating against employees because of their age.

91.     Plaintiff has been discriminated against and Defendant has interfered with Plaintiff's rights in violation of the ADEA.

93.     Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

94.     Defendant's illegal discriminatory and adverse actions injured Plaintiff.

95.     The Plaintiff has no plain, adequate or complete remedy at law to redress

the wrongs alleged herein, and this suit for back pay, front pay, liquidated damages, compensatory damages for lost wages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

96.   Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

97.   The Plaintiff has satisfied all administrative prerequisites to bring this claim.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a) Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by ADEA;

b) Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating ADEA;

c) Grant Plaintiff an Order requiring Defendant make her whole by granting appropriate declaratory relief, compensatory damages for lost wages and benefits, liquidated damages, interest, attorney's fees, expenses, costs; and,

d) Plaintiff prays for such other, further, different or additional relief and

benefits as justice may require.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

*Cynthia F. Wilkinson*
CYNTHIA FORMAN WILKINSON
State Bar ID No: ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
215 N. Richard Arrington Jr. Blvd., Suite 301
Birmingham, Alabama 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS**:

Ms. Kathy McKleroy
c/o WILKINSON LAW FIRM, PC
215 North Richard Arrington Jr. Blvd., Suite 301
Birmingham, Alabama 35203

**PLEASE SERVE DEFENDANTS AT THE FOLLOWING ADDRESS:**

Jacksonville Health and Rehabilitation, LLC
c/o Edward R. Christian
420 North 20th Street, Suite 3100
Birmingham, Alabama 35203

Northport Health Services, Inc.
c/o Edward R. Christian
420 North 20th Street, Suite 3100
Birmingham, Alabama 35203