# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **KATHY MCKLEROY,** | } |
| **Plaintiff,** | } |
| v. | } Case No. 1:19-CV-01414-CLM |
| **JACKSONVILLE HEALTH and REHABILITATION, LLC, et al,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This case is before the court on Defendant Northport Health Services, Inc.'s ("Northport") Motion to Dismiss. Doc. 7. On August 28, 2019, Plaintiff Kathy McKleroy ("McKleroy") filed a Complaint (doc. 1) against Northport and Jacksonville Health and Rehabilitation, LLC ("JHR") requesting relief pursuant to the Age Discrimination in Employment Act ("ADEA"). Northport argues that it should be dismissed from this case because McKleroy did not exhaust her administrative remedies against Northport by bringing an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination against Northport. The Court agrees; thus, Northport's Motion to Dismiss is due to be granted.

## BACKGROUND

McKleroy states in her Complaint that she is bringing an action for unlawful employment practices and intentional discrimination against her employer, JHR and

Northport. Doc. 1, ¶ 6. McKleroy also states that she filed an EEOC Charge of Discrimination, but she does not include information about which Defendant received the discrimination charge in her Complaint. *Id.* at ¶ 8. The Charge of Discrimination attached to McKleroy's Complaint named only Jacksonville Health and Rehabilitation, LLC as McKleroy's employer. *See* Doc. 1-1. In her Complaint, McKleroy also states that she "began working for the Defendant in or around 1985" and that her age "motivated Defendant's decision to deny Plaintiff a position." Doc. 1, ¶ 28, 36. However, McKleroy does not make clear in her Complaint which Defendant or alleged employer she is referring to.

On September 26, 2019, Northport Health Services, Inc. filed a Rule 12(b)(6) Motion to Dismiss for failure to state a claim. Doc. 7. Northport notes that the Charge of Discrimination "does not identify, name, or refer to Northport in any manner." *Id.* at ¶ 3. Northport argues that because McKleroy has not met the administrative prerequisite of filing a Charge of Discrimination against Northport, that all claims against Northport Health Services, Inc. are due to be dismissed.

## **STANDARD OF REVIEW**

A plaintiff must exhaust her administrative remedies before filing a civil complaint for discrimination. 29 U.S.C. § 626(d)(1). Dismissal for failure to exhaust administrative remedies should be raised in a motion to dismiss. *Basel v. Sec'y of Defense*, 507 F. App'x. 873, 874 (11th Cir. 2013) (per curiam). To survive

a motion to dismiss for failure to exhaust administrative remedies, the Court must find that the Plaintiff made a good-faith effort to comply with the EEOC procedural requirements and allowed the EEOC an opportunity to investigate the merits of the discrimination claim. *Id.*

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

# DISCUSSION

I. **The Court limits its review of Northport's Rule 12 motion to McKleroy's complaint and EEOC charge**.

In addition to McKleroy's complaint (doc. 1), the parties point to three documents to support their arguments: (a) McKleroy's EEOC charge (doc. 1-1), (b) the deposition of Derek Patterson (doc. 13-1), and (c) the declaration of Phillip Cody Long (doc. 16-1). Before the Court can rule on Northport's Rule 12(b) motion, it must decide which of these documents (if any) it may consider in making its ruling.

Generally, a court looks only to the face of the complaint when deciding Rule 12 motions; it may not consider matters outside the pleadings. If it does, Rule 12(d) requires the Court to convert the motion to dismiss into a motion for summary judgment under Rule 56. *See Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002) ("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion.").

But that's not *always* the case. The court may consider an extraneous document without converting a Rule 12(b) motion into a Rule 56 motion if (1) the document is central to the plaintiff's claim, and (2) its authenticity is not challenged. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Harris v. Ivax Corp.*, 182

F.3d 799, 802 n.2 (11th Cir. 1999) ("a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute").

Only one of the three documents mentioned above—McKleroy's EEOC charge (doc. 1-1)—fits this description. First, McKleroy's EEOC charge is central to her claim, as McKleroy admits in her complaint that the EEOC charge was a "prerequisite" for filing this lawsuit and she attached it to her complaint. Doc. 1 at ¶ 9. Second, neither party disputes the authenticity of the EEOC charge. Accordingly, the Court may consider McKleroy's EEOC charge without converting Northport's motion to dismiss into a motion for summary judgment. *See Hicks v. City of Alabaster*, 2013 U.S. Dist. LEXIS 33681, 2013 WL 988874, at *7 n.5 (N.D. Ala. Mar. 12, 2013) ("when considering a motion to dismiss, the court may take judicial notice of the contents of relevant public records, which include EEOC Charges and Right to Sue Letters.") (citations omitted); *Sessom v. Wellstar Hosp.*, 1:08-cv-2057-TWT, 2009 U.S. Dist. LEXIS 126752, 2009 WL 1562876, *3 n.1 (N.D. Ga. May 29, 2009) ("The EEOC charge is properly considered on the motion to dismiss because Plaintiff has not disputed its authenticity and refers to it in her Complaint.").

The same cannot be said of the Patterson deposition or Long declaration. Neither of these documents is central to McKleroy's complaint; thus, the Court

cannot consider either of these documents without converting the present motion to a motion for summary judgment. The Court declines to do so. *See* Fed. R. Civ. P. 12(d).

**II.  McKleroy has not met the procedural requirement that she exhaust her administrative remedies by filing an EEOC charge against Northport Health Services, Inc.**

Again, McKleroy acknowledges in her complaint that the filing of an EEOC charge is a prerequisite to filing the present complaint. Doc 1 at ¶ 9; *see* 29 U.S.C. § 626(d)(1); *Leach v. State Farm Mut. Auto. Ins. Co.*, 431 Fed. Appx. 771, 774-75 (11th Cir. 2011) (stating that employees must file "a charge of unlawful discrimination with the EEOC before filing suit").

Northport argues that its dismissal is required because, as shown on the face of McKleroy's complaint (doc. 1) and EEOC charge (doc. 1-1), McKleroy "failed to file a charge of discrimination against Northport with the Equal Employment Opportunity Commission and therefore cannot commence this civil action against Northport." Doc. 7 at 3. The Court agrees. McKleroy's EEOC charge does not mention Defendant Northport Health Services, Inc. Nor are there clear allegations on the face of McKleroy's Complaint that indicate that she filed a Discrimination Charge against Northport. Accordingly, the Court finds that, based on the pleadings, McKleroy failed to exhaust her administrative remedies against Northport and thus has failed to plead an essential element of her claim against Northport.

## CONCLUSION

For the foregoing reasons, Northport Health Services, Inc.'s Motion to Dismiss, (doc. 7), is due to be granted. As a result, Northport Health Services, Inc. is due to be dismissed as a party defendant. As noted in this Court's Scheduling Order (doc. 17), McKleroy has until December 2, 2019 to amend her complaint. An order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 19th day of November, 2019.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE